IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

RECEIVED
2004 NOV 12 P 12: 55
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| YOLANDA THOMAS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CASE NUMBER: 2:04cv1091-B |
| vs. ) | |
| ) | |
| ALABAMA STATE DEPARTMENT OF ) | |
| MENTAL HEALTH AND MENTAL ) | |
| RETARDATION, ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| DEFENDANT. ) | |

## COMPLAINT

COMES NOW, YOLANDA THOMAS, by and through her undersigned attorney, and for her complaint against the above-named defendant, shows as follows:

### PRELIMINARY STATEMENT

1. This action seeks declaratory, injunctive and equitable relief; compensatory and punitive damages; and costs and attorney fees for race and equal pay discrimination and retaliation suffered by Plaintiff as a result of her employment with Defendant.

### JURISDICTION

2. This action arises under the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983 and 42 U.S.C. § 1981.

### VENUE

3. This action properly lies in the Middle District of Alabama, pursuant to 28 U.S.C. § 1391(b), as the claim arose in this judicial district and the Defendant reside in this district.

## PARTIES

4. Plaintiff Yolanda Thomas, who is black, is a female citizen and resident of the United States, who is a resident of Mobile County, Alabama.

5. Defendant, Alabama State Department of Mental Health and Mental Retardation, is a government agency established and existing under the laws of the State of Alabama.

## FACTS

6. Plaintiff has been employed by the Defendant since February 20, 1980 and is currently classified as a Community Service Specialist II.

7. In October of the year of 2003 the Defendant advertised the position of Community Service Specialist III. The Plaintiff applied for the position and was not considered for placement.

8. Prior to the advertisement of the position of Community Service Specialist III, the Plaintiff was performing the duties of a Community Service Specialist III as well as the duties of her position of Community Service Specialist II.

9. The Plaintiff has been employed by the Defendant in the Community Service Department for approximately fifteen (15) years.

10. On or about March 6, 2004, the position of Community Service Specialist III was filled by Defendant with a less qualified applicant.

11. The Plaintiff continues to perform the duties of the Community Service Specialist III as well as the duties of Community Service Specialist II.

12. Prior to the advertisement for the position of Community Service Specialist III in October of 2003, the qualifications for consideration included a four year degree, a

master's degree, at least six years of experience in a human service field, and other job related education and/or experience in substitution for all or part of the basic requirements.

13. The advertisement for the position of Community Service Specialist III in October of 2003 did not provide for the substitution of job related education and/or experience.

14. Currently there is another position of Community Service Specialist IV that is filled with a person without a master's degree.

## COUNT ONE
## (RACE DISCRIMINATION)

15. Plaintiff adopts and reasserts paragraph one (1) through fourteen (14) above as if fully set out herein.

16. By the above described acts, Defendant has unlawfully discriminated against Plaintiff in the terms, conditions and privileges of her employment because of her race. Such discrimination violates 42 U.S.C. § 1981 as well as the Equal Protection Clause of the Constitution of the United States and 42 U.S.C. § 1983.

17. Plaintiff has been damaged by this discriminatory treatment and continues to suffer monetary injury as well as emotional distress and mental anguish.

## COUNT TWO
## (EQUAL PAY)

18. Plaintiff adopts and reasserts paragraph one (1) through seventeen (17) above as if fully set out herein.

19. By the above described acts, Defendant has unlawfully discriminated against Plaintiff in the terms, conditions and privileges of her employment by paying other less

qualified employees more compensation than to her, paying more compensation to others similarly classified to her and/or other employees performing the same duties and responsibilities. Such discrimination violates 42 U.S.C. § 1981 as well as the Equal Protection Clause of the Constitution of the United States and 42 U.S.C. § 1983.

20. Plaintiff has been damaged by this discriminatory treatment and continues to suffer monetary injury as well as emotional distress and mental anguish.

## COUNT THREE
## (RETALIATION)

21. Plaintiff adopts and reasserts paragraph one (1) through twenty (20) above as if fully set out herein.

22. The negative treatment, harassment and annoyance from the Defendant and its employees and agents which were carried out after Plaintiff's opposition to her treatment and filing complaints with the Defendant, the Alabama State Personnel Board and the EEOC were undertaken in retaliation fro opposing said treatment. Such retaliation violates 42 U.S.C. § 1981 as well as the Equal Protection Clause of the Constitution of the United States and 42 U.S.C. § 1983.

23. Plaintiff has been damaged by this discriminatory treatment and continues to suffer monetary injury as well as emotional distress and mental anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hereby demands judgment against Defendant and prays that this Court:

a. Declare Defendant's conduct to be in violation of Plaintiff's rights;

b. Award Plaintiff an amount for all lost pay and benefits;

    c.  Award Plaintiff compensatory damages, including damages for mental anguish and emotional distress;

    d.  Award Plaintiff punitive damages;

    e.  Award Plaintiff costs and attorney's fees;

    f.  Award Plaintiff any and all other equitable relief to which she is entitled;

    g.  Grant such other relief as the Court may deem as just and proper.

**PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY JURY OF ALL CLAIMS ASSERTED HEREIN.**

                                                _/s/ Raymond L. Bell, Jr._
                                                Raymond L. Bell, Jr. (BEL031)

**OF COUNSEL:**

**KENNEDY, BELL & ADAMS, P.C.**
**Post Office Box 1932**
**Mobile, Alabama 36633**
**(251) 694-9020**


The Defendant may
be served at the following:

Alabama State Department of Mental
Health and Mental Retardation
C/O Mrs. Kathy Sawyer
100 North Union Street
Montgomery, Alabama 36130