IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| YOLANDA THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:04-CV-1091-B |
| | ) | WO |
| ALABAMA STATE DEPARTMENT OF | ) | |
| MENTAL HEALTH and MENTAL | ) | |
| RETARDATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION AND MEMORANDUM OPINION**

After due consideration of supporting and opposing submissions, the Court concludes that the Defendant's *Motion to Dismiss Amended Complaint,* filed January 18, 2005 (Doc. 14), should be granted except for a single claim of race discrimination.

**I. PROCEDURAL BACKGROUND**

Yolanda Thomas ("Thomas"), an African-American employee currently classified as a Community Service Specialist II, charges the Alabama Department of Mental Health and Mental Retardation ("Department") with race discrimination, equal pay violations, and retaliation arising from her failed application for the position of Community Service Specialist III. She seeks damages and other relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*., as amended by the Civil Rights Act of 1991 ("Title VII");  42 U.S.C. §1981 ("Section 1981"); and 42 U.S.C. §1983 ("Section 1983"). The Department's dismissal motion*,* filed pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, asserts Eleventh Amendment immunity as a bar to the Section1981 and Section 1983 claims and argues that Thomas fails to state any viable Title VII claims.

Represented by the same counsel, Thomas filed the original complaint on November 12, 2004, and in response to the *Motion to Dismiss* filed on December 8, 2004, she moved successfully on December 17, 2004, for leave to file the Amended Complaint docketed on January 4, 2005 (Doc. 13). As support for her requested amendment in lieu of granting the Department's dismissal motion, Thomas represented in pertinent part:

> Plaintiff had timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission and had received her right-to-sue letter (Exhibit "A") which required Plaintiff to file suit within ninety days of receipt of that letter. Plaintiff did not contact her undersigned counsel until very few days were remaining. Undersigned counsel, having only limited experience with federal employment law, contacted another lawyer who advised him the case appeared to have merit and that a lawsuit should be filed forthwith to protect the client's interest. Based on the time constraints and advice of more-experienced counsel, undersigned counsel filed the Complaint. . . Despite his best attempt and while the facts of the case are sufficiently well pled, undersigned counsel omitted the words "Title VII of the 1964 Civil Rights Act" as part of his federal court jurisdiction citing only Title 42 §§1981 and 1983 . . . This was nothing more than an oversight as undersigned counsel had Plaintiff's right-to-sue letter in hand and fully intended a Title VII action as well as a 1981 and 1983 action.[1]

Except for the addition of Title VII as a statutory ground for relief – both in the preliminary statement and the caption for the causes of action – the original complaint and the amended complaint are identical in their statements of the parties, the facts, and the causes of action.

## II.   STANDARD OF REVIEW

Challenges to subject-matter jurisdiction must be accorded priority consideration because they implicate the court's "very power to hear the case." *Bell v. Hood,* 327 U.S. 678, 682-683 (1946). Neither the Department's *Motion* nor its supporting submissions advance, however, any

---

[1] *Plaintiff's Response in Opposition to Defendant's Motion to Dismiss and Plaintiff's Request to Amend her Complaint* at ¶¶ 1-3 (Doc. 7-2, Dec. 17, 2004).

support for Rule 12(b)(1) dismissal, and none is apparent from the Court's evaluation of its federal question jurisdiction. Similarly, for its Rule 12(b)(2) motion, the Department fails to specify how it lacks sufficient contacts for this Court's exercise of personal jurisdiction. Consequently, the dismissal motion is due to be evaluated only under Rule 12(b)(6).

A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint, and dismissal should be granted under this rule only if the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *accord, Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Hughes v. Rowe*, 449 U.S. 5, 10 (1980); *Fuller v. Johannessen*, 76 F.3d 347, 349-350 (11th Cir. 1996). For the threshold review presented by a Rule 12(b)(6) motion, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974); *accord*, *Swierkiewicz v. Sorema,* N.A., 515 U.S. 506, 515 (2002) ("Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits"); *Brandt v. Bassett*, 69 F.3d 1539, 1550 (11th Cir. 1995).

The court must accept as true the plaintiff's factual allegations, draw all reasonable inferences in the plaintiff's favor, and construe the pleadings liberally so as to do substantial justice. *Conley v. Gibson,* 355 U.S. at 48*; Hishon v. King & Spalding*, *id.; Fuller v. Johannessen*, 76 F.3d 3437, 349-350 (11th Cir. 1996); *Fed.R.Civ.P.* 8(f). Because Rule 8 requires only "notice" pleading, the plaintiff need not detail all relevant facts but must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U. S. at 47. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper

decision on the merits." *Id.* at 48*; In re Southeast Banking Corp.,* 69 F.3d 1539, 1551 (11th Cir.1995).

### III.   DISCUSSION

#### A.   Section 1981 and Section 1983 Claims

Thomas "concedes that the only defendant in the lawsuit is the State of Alabama which is immune to §1981 and §1983 claims" but argues for dismissal to be "held in abeyance until after the time to join parties is expired."[2]  Responding in opposition to any post-discovery delay for ruling, the Department maintains that "[a]bsolute immunity is jurisdictional...[i]t is not simply immunity from trial, but immunity from the suit in its entirety, including discovery."[3]

Controlling legal principles dictate the immediate dismissal of the Department on asserted legal claims from which it is immune.  A valid claim of Eleventh Amendment immunity bars the action altogether from proceeding against the movant.  *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Mitchell v. Forsythe*, 472 U.S. 511 (1985); *Siegert v. Gilley*, 500 U.S. 226 (1991). The validity of the Department's asserted immunity under Section 1983 is not controverted.  Moreover, Thomas cannot assert a Section 1981 claim against the Department because "the express cause of action for damages created by Section 1983 constitutes the exclusive federal remedy for violation

---

[2] *Plaintiff's Response In Opposition To Defendant's Motion To Dismiss Amended Complaint* at 2 ("*Pl.'s Br.*").

[3] *Reply Memorandum* at 2 ("*Reply Mem.*") (citations omitted, Doc 22, Mar. 4, 2005). Notwithstanding its claimed entitlement to immunity, the Department maintains that the putative claims under Sections 1981 and 1983, which present the "identical...elements and evaluative structure found in Title VII cases" – are also due to be dismissed under Rule 12(b)(6). *Id.* (citations omitted).

of the rights guaranteed in Section 1981 by state governmental units." *Jett v. Dallas Independent School District*, 491 U.S. 701, 733 (1989); s*ee Butts v. County of Volusia*, 222 F.3d 891, 893-894 (11th Cir. 2000) (concluding that the Civil Rights Act of 1991 did not amend Section 1981 to create a cause of action against state actors and "§ 1983 contains the sole cause of action against state actors for violations of § 1981"); *Godby v. Montgomery County Board of Education*, 996 F.Supp. 1390, 1411 (M.D. Ala. 1998).[4]

### B.  Title VII Claims

#### 1. Threshold Pleading Standard

Highlighting the absence of any allegation that Thomas "was treated differently from 'similarly situated' persons outside of her protected class", the Department contends that she fails to plead a *prima facie* case for race discrimination, retaliation, and equal pay claims asserted under Title VII:

> While Defendant would contest as untrue many of those allegations of fact [Paragraphs 6-14 of the Complaint], even if it conceded their factual validity *arguendo*, they would not support a *prima facie* case of discrimination under Title VII. At best, in her statement of facts the Plaintiff implies that she was unfairly

---

[4]Notwithstanding the Court's ruling that the Department's valid claim of immunity dictates immediate dismissal of the Section 1983 claims, it bears noting that the record also provides compelling reason to reject Plaintiff's plea that the Department be retained as the sole defendant pending discovery to identify culpable state officials for her Section 1983 claim. Employed by the Defendant since February 20, 1980, Thomas complains about an adverse employment action in March 2004 and did not file this action until November 12, 2004; arguably, her failure to identify a viable Section 1983 defendant during or since this interval suggests similar futility if this issue is delayed for discovery, assuming *arguendo* that the law would countenance such a delay. Moreover, in a dismissal motion filed and briefed within a month after service of the original complaint, the Department moved for dismissal on the same grounds now asserted.   In response, Thomas successfully moved for leave to file her amended complaint which still did not address the pleading deficiency for the Section 1983 claims.

treated during the Defendant's hiring process for the position of Community Services Specialist III. But even employing the most liberal reading of the Complaint, the Plaintiff fails to allege any facts that even imply racial or sexual discrimination, or any other form of prohibited discrimination, as a basis for her treatment.[5]

Thomas responds that no "heightened pleading" requirement applies to her discrimination action, and the parties agree that the pleadings "...must satisfy only the simple requirements of Rule 8(a)."*Swierkiewicz,* 515 U.S. at 513. The Department maintains nonetheless that the Eleventh Circuit has interpreted *Swierkiewicz* to preserve "some minimal pleading standard" in civil rights actions so that "unsupported conclusions of law or of mixed law and fact are not sufficient to withstand a dismissal under Rule 12(b)(6)." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250 (11th Cir. 2004), *quoting Wagner v. Daewoo Heavy Indus. Am. Corp.*, 289 F.3d 1268, 1271 (11th Cir. 2002), *rev'd on other grounds*, 314 F.3d 541 (11th Cir 2002)(*en banc*).

*Swierkiewicz* teaches that "[t]he prima facie case . . . is an evidentiary standard, not a pleading requirement;" the Supreme Court "has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy to survive a motion to dismiss ... Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases." *Id.* at 510-512. The Department correctly notes, however, that *Swierkiewicz* does not vacate a minimal pleading standard for discrimination complaints. The requirement in Rule 8 for a "short and plain statement of the claim showing that the pleader is entitled to relief" means that the specified allegations of fact or law must provide fair notice to the defendant of the nature of the plaintiff's claim and its factual underpinnings. Allegations must be buttressed by

---

[5]*Brief in Support Of Defendant's Motion To Dismiss Amended Complaint* at ¶ 7 ("*Def.'s Br.*") (Doc. 15, Jan. 18, 2005).

Case 2:04-cv-01091-DRB   Document 23   Filed 06/10/05   Page 7 of 14

sufficient facts at least to show that a claim for relief is viable. While the court has a "duty to liberally construe a plaintiff's complaint", that obligation is not "the equivalent of a duty to re-write" the pleading. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993), *quoting Conley v. Gibson*, 355 U.S. at 47.

The Court now applies these guidelines to evaluate the sufficiency of the pleadings for each of the three Title VII claims asserted.

### 2. Racially discriminatory non-selection

In Paragraphs 4 through 11 of the Amended Complaint, Thomas identifies herself as an African-American employed since 1980; relates her application for a Community Service Specialist (*"CSS"*) III position advertised by the Department in October 2003; declares her qualifications for the position – including actual performance of the duties for the advertised classification as well as her current CSS II position – and represents that she was not considered while the Department filled the position on or about March 6, 2004 with a less-qualified applicant.

Though Thomas does not specify in the complaint the race of the successful applicant, she represents as follows in response to the Department's *Motion*:

> The Plaintiff clearly identified herself as an 1) African American (¶ 4); 2) that she applied for the position of Community Service Specialist III (¶ 7); *3) the position was filled with a less qualified applicant (non African American) (¶ 10 and ¶ 16)...*[6]

*(emphasis supplied).* The cited paragraphs, however, make no reference at all to the race of the successful applicant, and his or her race is not elsewhere identified in the complaint.[7] As a general

---

[6]*Pl.'s Br.* at 5.

[7]A review of the original complaint filed on November 12, 2004, reveals the same omission in ¶ 16 and the precise wording for ¶ 10: "On or about March 6, 2004, the position of Community Service Specialist III was filled by Defendant with a less qualified applicant."

7

rule, the court cannot consider additional facts asserted in a party's memorandum in opposition to a dismissal motion.[8] Consistent with its duty to construe pleadings liberally so as to do substantial justice, the Court exercises discretion not to penalize the Plaintiff for this pleading deficiency. Important for this discretionary ruling are two facts: (a) first, Thomas does not seek in her brief opposing dismissal to amend the complaint in order to add a new cause of action , and (b) the Department's submissions neither rely on this omission nor suggest lack of notice that Thomas challenges its selection of a non-African American into the position for which she applied.

Apart from identifying her race and unsuccessful candidacy notwithstanding qualifications for the position in controversy, Thomas alleges only additional facts which relate to the Department's modification of the qualifications:

> Prior to the advertisement for the position of Community Service Specialist III in October of 2003, the qualifications for consideration included a four-year degree, a master's degree, at least six years of experience in a human service field, and other job-related education and/or experience in substitution for all or part of the basic requirements. (¶ 12).
> The advertisement for the position of Community Service Specialist III in October of 2003 did not provide for the substitution of job-related education and/or experience. (¶ 13).
> Currently there is another position of Community Service Specialist IV that is filled with a person without a master's degree. (¶14).

Thomas does not allege that racial discrimination – generally or particularly targeted against Thomas – motivated the alleged end of job-related education and/or experience as a

---

[8]Such a memorandum or brief is not a "pleading" under Fed. R.Civ.P. 7. *Miller v. Brown & Williamson Tobacco Corp.*, 679 F. Supp. 485, 487 (E.D.Pa.1988), *aff'd*, 856 F.2d 184 (3d Cir. 1988) (pretrial memorandum and supplements to it not pleadings) *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (plaintiff may not amend pleading through argument in an opposition brief); *Kuhn v. Thompson*, 304 F. Supp. 2d 1313, 1321 (M.D. Ala. 2004) ("It is axiomatic that a plaintiff cannot amend the complaint by arguments of counsel made in opposition to a motion to dismiss.").

substitute for the basic requirement of a master's degree. Nor does Thomas represent that she suffered any racially disparate treatment from either the successful applicant or other applicants considered with respect to how the Department evaluated their qualifications for the advertised position. The facts stated do permit a reasonable inference that the successful candidate had a master's degree while Thomas, though not possessing a master's degree, has job-related education and/or experience which would have qualified her for a CSS III position before the modified qualifications reflected in the 2003 advertisement.

Because Thomas is not obliged to specify in the complaint each element of her prima facie case, or even to describe all the theories underlying her claim, the determinative question at this time is whether the facts plead are sufficient to put the Department on notice about the underpinnings of her claim and thus to trigger discovery. Evaluated under the low pleading burden imposed on Thomas to survive a Rule 12(b)(6) motion, the Court concludes that her Amended Complaint pleads sufficiently a Title VII claim for a racially discriminatory non-selection.

### 3.  *Equal Pay Claim*

Like the original complaint filed by Thomas, the Amended Complaint grounds her Equal Pay claim on the same facts as well as the same federal statutes identified in her non-selection claim. In opposition to the Department's motion, Thomas references for the first time the Equal Pay Act,[9] and pointing to the caption for this claim – "Equal Pay (Title VII and 1981/1983)" – argues that she "clearly sets out her equal pay claim":

---

[9]The Equal Pay Act, 29 U.S.C. §206 et seq, addresses workplace disparities in pay based upon sex.

>  Although not spelled out verbatim in the complaint, it is obvious that if the Plaintiff is asserting a claim for 'Equal Pay' that she is alleging that the Defendant is paying more compensation to a male employee for performing that same job duties and responsibilities. Further, it is unbelievable that the plaintiff would argue that the equal pay claim does not constitute an adequate pleading and even more unbelievable that the Defendant would have any trouble knowing exactly what and who the Plaintiff is talking about, seeing that the Defendant has a shall number of men employed as a Community Specialist III.[10]

Thomas cannot be allowed to effect an amendment of her complaint to state an entirely new cause of action simply by identifying the new legal claim in a memorandum filed in opposition to dismissal and arguing that the original complaint should be construed to encompass the additional claim.[11] Conjecture or even good-faith belief that a defendant knows or should know the basis for an asserted claim does not remove the plaintiff's Rule 8(a) burden to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Nowhere in the amended complaint does Thomas identify the successful applicant's gender, and the complaint is wholly deficient of any facts which support, directly or inferentially, any gender-based discrimination in pay or in any other terms or conditions of employment; indeed, Thomas does not even assert such a claim. Any intended "equal pay" claim, whether purportedly viable under Title VII or the Equal Pay Act, simply cannot be readily or reasonably discerned from the factual allegations on which Thomas relies.[12] Nor is such a claim buttressed by the description of this legal claim as it fails to identify sex, race, or any other protected qualifier which could serve as a basis for her discrimination

---

[10]*Pl.'s Br.* at 6.

[11]*See* n.7, *supra.*

[12]Thomas highlights ¶ 8 of her amended complaint, in which she declares: "Prior to the advertisement of the position of Community Service Specialist III, the Plaintiff was performing the duties of a Community Service Specialist III as well as the duties of her position of Community Service Specialist II."

10

claim.[13]

While the Equal Pay Act provides a vehicle solely for gender-based claims, a Title VII claim for disparate treatment in pay can be grounded on race, sex, or any other characteristic protected under Title VII. Notwithstanding the early opportunity to file an amended complaint, Thomas has repeated the same allegations for this purported claim, and they remain fatally deficient especially given her unconditional clarification of an intent to ground this pay claim on sex-based disparate treatment.[14] Accordingly, this purported claim must be dismissed pursuant to the clearly warranted finding that the Department has demonstrated that "beyond doubt" Thomas cannot prove any set of facts in support of this asserted claim which would entitle her to relief.

### 4. *Retaliation Claim*

As reason to dismiss the "retaliation" claim purportedly plead, the Department contends that Thomas "set[s] forth even fewer hints as to what the Plaintiff is factually alleging" and none of her factual averments "contain any facts which allege any retaliatory action by the Defendant or any

---

[13]Paragraph 19 of the Amended Complaint describes the purported pay claim as follows:

> By the above described acts, Defendant has unlawfully discriminated against Plaintiff in the terms, conditions and privileges of her employment by paying other less-qualified employees more compensation than her, paying more compensation to others similarly classified to her and/or other employees performing the same duties and responsibilities. Such discrimination violates Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §1981, and 42 U.S.C. §1983 as the violation was done under color of state law while violating the 14th Amendment to the United States Constitution.

*Am. Compl.* ¶19.

[14]*See Pl.'s Br.* at 6.

adverse employment action from which retaliation might be inferred."[15]  In reliance on Paragraph 22 and the factual averments incorporated for this cause of action,[16] Thomas insists that she "more than adequately pled her claim of retaliation."[17]  The Court cannot concur.

Assuming *arguendo* the sufficiency of the fairly imprecise allegations set forth to describe her protected activity, the required averment of the Department's adverse employment action or other  retaliatory conduct is not satisfied by  similarly vague references to "negative treatment, harassment and annoyance."  These conclusory and subjective claims provide absolutely no notice of the factual underpinnings for this claim and accordingly, dismissal is warranted. [18]

---

[15]*Def.'s Br.* at ¶9.

[16]Paragraph 22 states:

The negative treatment, harassment and annoyance from the Defendant and its employees and agents which were carried out after Plaintiff's opposition to her treatment and filing complaints with the Defendant, the Alabama State Personnel Board and the EEOC were undertaken in retaliation for Plaintiff's opposition to said treatment.  Such retaliation violates Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §1981, and 42 U.S.C. §1983 as the violation was done under color of state law while violating the 14th Amendment to the United States Constitution.

*Am. Compl.* ¶22.

[17]*Pl.'s Br.* at 6.

[18]*See Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1270-71 (11th Cir. 2004)(the Supreme Court in *Swierkiewicz* "did not even remotely suggest that a pleading could survive dismissal when it consisted only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based . . .unsupported conclusions of law or of mixed law and fact are not sufficient to withstand a dismissal under Fed.R.Civ.P. 12(b)(6)").  Having allowed counsel for Thomas  to amend the original complaint first-filed by counsel,  this court is not duty- bound to extend *sua sponte* yet another opportunity to cure a pleading which fails even to identify the retaliatory act necessary to demonstrate any entitlement to relief .  *Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542-545 (11th Cir. 2002)(*en banc*) .  The Department's dismissal motion for the amended complaint has been pending for almost five months.

## IV.  CONCLUSION

Consistent with this *Memorandum Opinion*, it is hereby **ORDERED:**

1.  that Defendant's *Motion to Dismiss Amended Complaint* (Doc. 14, Jan. 18, 2005) is **GRANTED** with respect to all claims specified under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the Equal Pay Act, and all such claims are hereby dismissed with prejudice;

2.  that Defendant's *Motion to Dismiss Amended Complaint* is **GRANTED** with respect to the Title VII claims asserted for "equal pay" violations and for retaliation, and these claims are hereby dismissed with prejudice;

3.  that Defendant's *Motion to Dismiss Amended Complaint* claim is **DENIED** with respect to the Title VII, race-based discrimination claim asserted for plaintiff's non-selection for the Community Services Specialist III position filled by the Alabama Department of Mental Health and Mental Retardation on or about March 6, 2004;

4.  **that Defendant shall file not later than June 28, 2005, its ANSWER to the single Title VII race-based claim of discrimination which survives this Rule 12(b)(6) motion**;

5.  that pursuant to FED. R. CIV. P. 26(f) and M.D. Ala. LR 26.2(b), the parties shall confer as soon as practicable to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan.  The attorneys of record and all unrepresented parties are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court a written report outlining the plan.  **The Rule 26(f) report containing the discovery plan shall be filed as soon as practicable but not later than July 29, 2005.**  The report of the parties should comply with Form

35, Appendix of Forms to the Federal Rules of Civil Procedure.

The longstanding practice in this district is that dispositive motions shall be filed no later than 90 days prior to the pretrial date. If the parties seek to vary from that schedule, they should present, in the plan, specific case-related reasons for the requested variance.

The court expects to hold a *scheduling conference* before issuing a scheduling order, and trial counsel should plan to attend. This case will be set for trial during one of the assigned judge's regularly scheduled civil trial terms. The pretrial date is normally set within four to six weeks of a scheduled trial term. The dates of each judge's civil trial terms are available on the court's website located at http://almd.uscourts.gov in the civil case information section. The scheduling order entered by the court will follow the form of the Uniform Scheduling Order adopted by the judges of this court. The Uniform Scheduling Order is also available on the court's website.

Done this 10th day of June, 2005.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE